UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WAYAN GARVEY,<br><br>    Plaintiff<br><br>v.<br><br>KELLAR WILLIAMS REALTY, INC., et al.,<br><br>    Defendants | Case No.: 2:23-cv-00920-APG-DJA<br><br>**Order (1) Denying Defendant Gaitan's Motion to Dismiss and (2) Granting Leave to File Supplemental Authority**<br><br>[ECF Nos. 28; 47] |

Wayan Garvey sues Keller Williams Realty, Inc. (KWRI) and Britney Gaitan, a Keller Williams realtor, for violations of the Telephone Consumer Protection Act (TCPA). He seeks statutory and treble damages. Garvey alleges that Gaitan violated the TCPA by calling him multiple times on a phone number previously registered on the National Do-Not-Call Registry (DNC Registry) and by using a prerecorded voice to answer these calls. Garvey sues on behalf of himself and two proposed nationwide classes of similarly situated individuals.

Gaitan moves to dismiss or stay this case under the first-to-file rule pending the decision in another proposed class action against KWRI and Keller Williams realtors for alleged TCPA violations. *See Havassy v. Keller Williams Realty, Inc.*, 2:21-cv-04608-TJS (E.D. Pa. October 20, 2021). Garvey responds that the cases are not similar enough for the rule to apply because the claims in *Havassy* are based on calls by, or the voices of, two specific realtors, and those claims are excluded from Garvey's proposed classes. Gaitan replies that because Garvey excluded these claims through a bad faith amendment they are not actually excluded. I deny Gaitan's motion to dismiss because there is no risk of overlap between the putative classes in *Havassy* and this case, so the first-to-file rule does not apply.

Gaitan also moves for leave to file as supplemental authority the *Havassy* district court's decision on a motion to dismiss. ECF No. 47. I grant Gaitan's motion.

**I.      BACKGROUND**

Garvey registered his personal cell phone number on the DNC Registry in 2006. ECF No. 25 at 14. Last year, Gaitan began calling Garvey's that number. *Id.* A prerecorded voice message from Gaitan played when Garvey answered the calls. *Id.* at 15. Gaitan also sent Garvey text messages. *Id.* at 14-16. He did not consent to these calls or messages and requested that they stop. *Id.* at 16.

Based on these calls, Garvey filed his original complaint against KWRI and Gaitan alleging violations of the TCPA's prerecorded voice and DNC Registry provisions. ECF No. 1. He also sued on behalf of two proposed classes: a "Prerecord Class" and a "Registry Class." Garvey defined the "Prerecord Class" as "Plaintiff and all persons within the United States to whose telephone number Defendants placed (or a relator acting on behalf of Keller Williams placed) a call using a prerecorded voice from four (4) years prior to the filing of the Complaint to the date of class certification." *Id.* at 19. Garvey defined the "Registry Class" as

> Plaintiff and all persons within the United States to whose telephone number Defendants placed (or a relator acting on behalf of Keller Williams placed) two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry for more than 30 days at the time of the calls from four (4) years prior to the filing of the Complaint to the date of class certification.

*Id.*[1]

---

[1] In both putative class definitions Garvey uses the word "relator" instead of "realtor" to refer to the individuals acting on behalf of Keller Williams. I assume he means to refer to these individuals as realtors. *Compare Realtor, Black's Law Dictionary* (11th ed. 2019) (defining realtor as "[a] real-estate agent who is a member of the National Association of Realtors" or "[l]oosely, any real-estate agent or broker.") *with Relator, Black's Law Dictionary* (11th ed. 2019) (defining relator as (1) "[t]he real party in interest in whose name a state or an attorney

2

Gaitan moved to dismiss or stay the case under the first-to-file rule pending the district court's decision in *Havassy*. ECF No. 24. In *Havassy*, the plaintiff sued KWRI and two Keller Williams real estate agents, Peter Hewitt and Kelly Houston, on behalf of himself and two putative classes for alleged violations of the TCPA's prerecorded and DNC Registry provisions. ECF No. 24-1. The plaintiff in *Havassy* defined the proposed "Pre-recorded Voice Call Class" as "All persons to whom [KWRI] (or its agents) placed calls on their cell phones which contained a pre-recorded voice identifying Peter Hewitt or Kelly Houston of Keller Williams from four years before the filing of the initial Complaint through the date a class is certified." Second Amend. Class Action Complaint at 17, *Havassy*, 2:21-cv-04608-TJS (No. 56). The "Do-Not-Call List Class" is defined as:

> All persons who from four years before the filing of the initial Complaint to the date a class is certified: (1) received two or more pre-recorded voice calls soliciting real estate services in which the calls identify the [sic] Peter Hewitt or Kelly Houston of Keller Williams; (2) said calls were received by a number associated with a residential line or cell phone that was registered on the Do Not Call registry for over 30 days at the time of the calls; and, (3) said class member did not provide prior express written consent to be contacted by [KWRI] and did not have an established business relationship with [KWRI].

*Id.* Gaitan argued that because Garvey's proposed classes include every class member in the *Havassy* proposed classes and both plaintiffs sue for the same statutory violations, the parties and issues are substantially similar. Because *Havassy* was filed first, she contended I should dismiss this case or stay it pending the *Havassy* decision.

Gaitan also moved to dismiss any claims included in Garvey's proposed classes through December 12, 2022, alleging that those claims were resolved in the settlement of *Deshay v.*

---

general brings a lawsuit;" (2) "[t]he applicant for a writ;" (3) "an informer;" or (4) "[a] habeas corpus petitioner.").

3

*Keller Williams Realty, Inc.*, a Florida state case. No. 2022CA000457 (Fla. Indian-River County Ct. April 19, 2023).  Finally, Gaitan moved to dismiss any claims based on the defendants' use of an Automatic Telephone Dialing System (ATDS) because Garvey did not allege one was used, and to dismiss any claims based on text messages because texts cannot form the basis of a TCPA suit.

The day after Gaitan filed her motion to dismiss, Garvey filed his first amended complaint (FAC), alleging the same TCPA violations against the same defendants, but editing the putative class definitions. ECF No. 25.  In his amended complaint, Garvey kept the same definition of the "Prerecord Class" but changed the timeframe to include any claims "from December 13, 2022 to the date of class certification." *Id.* at 18.  He did the same for the "Registry Class." *Id.*  From both classes he also excluded "all persons that received calls on their cell phones which contained a pre-recorded voice identifying Peter Hewitt or Kelly Houston of Keller Williams." *Id.*  Gaitan again moves to dismiss on the same grounds. ECF No. 28.

## II.   ANALYSIS

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).  To defeat a motion to dismiss, a plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

The TCPA makes it unlawful for any person "to make any call" using "an artificial or prerecorded voice" to a cell phone without the party's consent. 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA also authorized the Federal Communications Commission to create the DNC Registry and provides a private right of action for individuals who have "received more than one telephone call within any 12-month period by or on behalf of the same entity" to a phone number on the DNC Registry. *Id.* at § 227(c)(5); *Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 989 (9th Cir. 2023).

### A. First-to-File Rule

Gaitan argues that Garvey's amendment to exclude the *Havassy* claims from his class definitions was a bad faith attempt to circumvent the first-to-file rule so I should disregard it and look at the classes as Garvey initially proposed them. She argues that I must dismiss or stay this case because *Havassy* was filed first, and because of the similarities between the parties and the issues in the two cases. Allowing the FAC to proceed, she argues, would result in "a significant waste of judicial resources, duplicative discovery, and the possibility of inconsistent rulings on overlapping issues and double recovery by the overlapping classes." ECF No. 28 at 15.

Garvey responds that after the FAC, the first-to-file rule no longer applies because he explicitly amended his putative class definitions to avoid overlap with *Havassy*. He argues there is no reason for this court to reject his amendments because there is no evidence of bad faith, gamesmanship, or forum shopping.

Under the first-to-file rule, "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). In determining whether to apply the first-to-file rule,

I analyze three factors: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). "The most basic aspect of the first-to-file rule is that it is discretionary." *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).

Though Gaitan argues I cannot consider the FAC, plaintiffs in federal court are allowed to amend their "pleading once as a matter of course . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Garvey filed his FAC one day after Gaitan moved to dismiss. Consequently, the FAC is the operative complaint.

While Gaitan is correct that I can consider equitable considerations like "bad faith, . . . anticipatory suit, and forum shopping" in my analysis, these factors do not support rejecting Garvey's properly-filed FAC as the operative complaint in this case. Nor do any of the cases Gaitan cites support her argument.[2] Unlike *Bouas*, there is no evidence of forum shopping as Garvey is not represented by the same counsel as the *Havassy* plaintiff, and the parties do not substantially overlap following amendment like in *Johnson* and *Alltrade*. I do not interpret Garvey's timely-filed and permissible amendment as an act of bad faith simply because it responded to concerns Gaitan raised in her initial motion to dismiss.

---

[2] *Alltrade*, 946 F.2d at 628; *Kohn*, 787 F.3d at 1240 (concluding that the first-to-file rule still applied where the second case excluded a defendant included in the first case); *Bouas v. Harley-Davidson Motor Co. Grp., LLC*, 3:19-cv-1367-NJR, 2020 WL 2334336, at *2 (S.D. Ill. May 11, 2020) (applying the first-to-file rule to stay second case where plaintiffs in first case amended the complaint to exclude second-case plaintiffs, and same attorneys represented plaintiffs in both cases, raising forum-shopping concerns); *Johnson v. Intelemedia Commc'ns, Inc.*, 2:18-cv-2018, 2018 WL 11373367, at *3-4 (W.D. Tenn. July 11, 2018) (finding the similarity of the parties prong satisfied, even if complaint in first case was amended, because there remained a "substantial[] overlap" in the parties, even if they were "not perfectly identical" (quotation omitted)).

The first-to-file rule does not apply to Garvey's putative classes as defined in the FAC. While *Havassy* was filed before this case, the putative classes have neither similar classes nor similar issues. Both putative classes in *Havassy* include claims only from individuals who have received calls from Hewitt or Houston, claims Garvey explicitly excludes. Both class actions concern violations of the same TCPA provisions, but the violations in *Havassy* are by two specific individuals and Garvey's classes explicitly exclude claims arising from the violations alleged in *Havassy*. There is no threat of overlap between the classes or the issues, so there is no threat of overlapping judgments. The first-to-file rule does not apply, so I do not dismiss or stay Garvey's case under this rule.

### B.  Claims Predating the *Deshay v. Keller Williams Realty, Inc.* Settlement

Gaitan argues that any claims before December 13, 2022 were either settled or released by the settlement in *Deshay*, so I must dismiss any claims arising before December 13, 2022. In the FAC, Garvey changes the timeframe in his putative class definitions to include only claims from December 13, 2022 to the date of certification. Because the claims Gaitan seeks to dismiss are not included in Garvey's proposed class definitions, I deny this portion of Gaitan's motion as moot.

### C.  Automatic Telephone Dialing System

Gaitan moves to dismiss any of Garvey's claims that are based on the use of an ATDS. However, Garvey does not allege any TCPA violations based on the use of an ATDS system, so I deny this portion of Gaitan's motion as moot.

### D.  Text Messages

Gaitan moves to dismiss any of Garvey's claims that are based on text messages Garvey received from Gaitan. While Garvey includes facts about text messages he allegedly received,

these messages do not form the basis of either of his claims. I deny this portion of Gaitan's motion as moot.

### E.  Motion for Leave to File Notice of Supplemental Authority

Gaitan moves for leave to file as supplemental authority the district court's order denying a motion to dismiss in *Havassy*. I grant her motion and have considered the authority she submitted, but it does not change my analysis.

### III.  CONCLUSION

I THEREFORE ORDER that defendant Britney Gaitan's motion to dismiss **(ECF No. 28) is DENIED** and her motion for leave to file document **(ECF No. 47) is GRANTED.**

DATED this 26th day of April, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE