UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WAYAN GARVEY,<br><br>    Plaintiff<br><br>v.<br><br>KELLER WILLIAMS REALTY, INC., et al.,<br><br>    Defendants | Case No.: 2:23-cv-00920-APG-DJA<br><br>**Order Denying KWRI's Motion to Dismiss Without Prejudice Pending Jurisdictional Discovery**<br><br>[ECF No. 32] |

  The Telephone Consumer Protection Act (TCPA) makes it unlawful for anyone to make a call using "an artificial or prerecorded voice" to a cell phone without the party's consent. 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA also authorized the Federal Communications Commission to create the National Do-Not-Call Registry (DNC Registry) and provides a private right of action for individuals who have received more than one call within a 12-month period "by or on behalf of the same entity" to a phone number on the DNC Registry. *Id.* at § 227(c)(5); *Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 989 (9th Cir. 2023).  For a call to fall under the TCPA, the caller must either (1) directly make the call, or (2) have an agency relationship with the person who made the call. *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877 (9th Cir. 2014).

  Wayan Garvey sues Keller Williams Realty, Inc. (KWRI) and Britney Gaitan, a Keller Williams realtor, for violations of the TCPA.  Garvey alleges that Gaitan was KWRI's agent, she called him multiple times on a phone number registered on the DNC Registry, and she used a prerecorded voice to make these calls.  Garvey alleges that KWRI instructed Gaitan to make the calls and gave her the tools to do so.

  KWRI moves to dismiss this case for lack of personal jurisdiction, improper venue, and failure to state a claim.  Garvey responds that this court has personal jurisdiction over KWRI

and, in the alternative, requests jurisdictional discovery. I deny KWRI's motion without prejudice and grant Garvey limited discovery about this court's personal jurisdiction over KWRI.

I. BACKGROUND

Garvey registered his personal cell phone number on the DNC Registry in 2006. ECF No. 25 at 14. In 2023, Gaitan began calling and texting Garvey's personal cell phone number. *Id.* A prerecorded voice message from Gaitan played when Garvey answered the calls. *Id.* at 15. He did not consent to these calls or messages and requested that they stop. *Id.* at 16.

Garvey alleges that KWRI trains its realtors to use lead generation services to find the phone numbers of individuals who previously listed their homes on the market but did not sell their homes. *Id.* at 5-6, 14. Garvey alleges that Gaitan found his number on "an 'Old Expireds' lead list provided by one of Keller Williams' approved vendors." *Id.* at 14. Garvey also alleges that many of the phone numbers on lead generation lists are on the DNC Registry, like his number. *Id.* at 7. Garvey sues KWRI for violating the prerecord and DNC Registry sections of the TCPA on a theory of vicarious liability. KWRI moves to dismiss, arguing that this court lacks personal jurisdiction over it, that this court is the improper venue, and that Garvey failed to state a vicarious liability claim against it.

II. ANALYSIS

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (simplified). Where the motion to dismiss "is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* (quotation omitted). "Although the

plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Id.* (quotation omitted).

There are two kinds of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017). Garvey asserts that I have specific personal jurisdiction over KWRI. For a court to assert specific jurisdiction over a defendant (1) "the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum," (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities," and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Briskin v. Shopify, Inc.*, 87 F.4th 404, 411 (9th Cir. 2023) (simplified). "The plaintiff bears the burden on the first two prongs. If they are met, then the defendant must come forward with a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* at 412 (simplified). "Agency relationships . . . may be relevant to the existence of specific jurisdiction. . . . As such, a corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there." *Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014) (emphasis omitted).

KWRI asserts that it is a Texas corporation with a principal place of business in Texas. It argues that this court cannot exercise specific personal jurisdiction over it based on its own actions, as it did not call Garvey, nor based on Gaitan's actions, as Gaitan is not its agent or employee. KWRI contends that Gaitan is an independent contractor for Keller Williams Realty Las Vegas (KWRLV), which is "an independently owned and operated franchisee real estate brokerage," so KWRI has no control over Gaitan. ECF No. 32 at 5. While KWRI admits that it provides training and training materials to Keller Williams realtors, it contends that these

3

trainings are optional and do not encourage realtors to violate the TCPA. KWRI also argues that Garvey does not allege that Gaitan attended KWRI training.

KWRI also argues that because this court lacks personal jurisdiction over it, venue here is improper. Alternatively, KWRI argues that because there is no agency relationship between it and Gaitan, KWRI cannot be held vicariously liable for Gaitan's alleged TCPA violations.

Garvey responds that this court has specific personal jurisdiction over KWRI because Gaitan was acting as KWRI's agent when she called Garvey. Garvey argues that he has sufficiently alleged an agency relationship because he alleges Gaitan had actual and apparent authority to act on KWRI's behalf, and KWRI ratified Gaitan's actions. In the alternative, Garvey asks for jurisdictional discovery to collect (1) "contractual agreements between [KWRI] and its various franchises, realtors, and agents such as Ms. Gaitan; or (2) any information regarding how [KWRI] trains its agents and the tools it makes available to them." ECF No. 39 at 3.

Because KWRI may be subject to specific jurisdiction in Nevada if Gaitan made the calls as KWRI's agent, I grant Garvey's request for jurisdictional discovery. I am "vested with broad discretion to permit or deny jurisdictional discovery" and I should ordinarily grant it "where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quotation omitted). "A plaintiff need not make out a prima facie case of personal jurisdiction before it can obtain jurisdictional discovery." *Liberty Media Holdings, LLC v. Letyagin*, 925 F. Supp. 2d 1114, 1120 (D. Nev. 2013) (quotation omitted). Questions remain regarding KWRI's relationship with Gaitan and the level of control it exerted over Gaitan and her actions. Because "a more satisfactory showing of the facts is necessary," I grant Garvey's request for discovery related this court's ability to exercise specific personal

jurisdiction over KWRI. *Laub*, 342 F.3d at 1093.  I deny KWRI's motion to dismiss without prejudice to refile it after jurisdictional discovery is closed.

I THEREFORE ORDER that Garvey may conduct jurisdictional discovery for 90 days from the date of this order.  This limitation does not restrict Garvey and Gaitan from engaging in general discovery.

I FURTHER ORDER that defendant KWRI's motion to dismiss **(ECF No. 32) is denied** without prejudice to refiling it after the jurisdictional discovery period ends.  If KWRI does not file a renewed motion to dismiss within 21 days of the expiration of the jurisdictional discovery period, there will be no further limitation on Garvey's discovery vis-à-vis KWRI.

DATED this 2nd day of May, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE