# EXHIBIT A

# Defendant Britney Gaitan's Responses to Plaintiff Wayan Garvey's Interrogatories

Patrick J. Reilly, Esq.
Nevada Bar No. 6103
Eric D. Walther, Esq.
Nevada Bar No. 13611
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702.382.2101
Facsimile: 702.382.8135
preilly@bhfs.com
ewalther@bhfs.com

*Attorneys for Britney Gaitan*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WAYAN GARVEY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KELLER WILLIAMS REALTY, INC. and BRITNEY GAITAN,<br><br>Defendants. | Case No. 2:23-cv-00920-APG-DJA<br><br>**DEFENDANT BRITNEY GAITAN'S RESPONSES TO PLAINTIFF WAYAN GARVEY'S INTERROGATORIES** |

Defendant Britney Gaitan ("Gaitan"), by and through her counsel of record, the law firm of Brownstein Hyatt Farber Schreck, LLP, hereby responds and objects to Plaintiff Wayan Garvey's Interrogatories as follows:

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Explain your business relationship with Keller Williams Realty, Inc. and any changes that occurred with respect to that relationship since the time the relationship began.

**RESPONSE TO INTERROGATORY NO. 1:**

Gaitan objects to this Interrogatory as vague, ambiguous, and overbroad as to the terms "business relationship" and "changes." Specifically, those terms could be interpreted in such a way that this Interrogatory would be seeking information that is not relevant to any party's claim or

defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Subject to and without waiving the foregoing objections, Gaitan responds as follows.

I have been associated with two Nevada franchises of Keller Williams Realty, Inc. ("KWRI"). I was associated with Keller Williams Realty Las Vegas ("KW Las Vegas") from June 2020 to June 2023 and Keller Williams VIP ("KW VIP") from June 2023 until the present. I originally joined KW Las Vegas because it was financially cheaper than the brokerage I was at prior. I have been a licensed realtor since 1997, so when I joined KW Las Vegas, I was not looking for training, only to put myself in the best financial position to survive the pandemic. I originally moved to KW VIP to be closer to home; however, I no longer work in or enter any Keller Williams offices; I work from home. Although I have been associated with these local Keller Williams franchises, I operate as an independent contractor and provide realtor services to clients through my limited liability company Britney E. Gaitan, LLC. I do not read any books by KWRI or its leadership or attend KWRI trainings. I went for the first time to an event this past year in Austin, Texas; however, I do not know if that event was hosted by KWRI, a local franchise, or someone else.

**INTERROGATORY NO. 2:**

Identify all Keller Williams real estate brokers/brokerages you have been associated with in the last seven (7) years, and describe your association.

**RESPONSE TO INTERROGATORY NO. 2:**

I have been associated with KW Las Vegas from June 2020 to June 2023, and KW VIP from June 2023 until the present. Although I have been associated with these local Keller Williams franchises, I operate as an independent contractor and provide realtor services to clients through my limited liability company Britney E. Gaitan, LLC.

/ / /

/ / /

- 2 -

**INTERROGATORY NO. 3:**

Identify all employees or vendors involved in making outbound calls or sending telemarketing text messages (i) promoting your services or (ii) including any prerecorded or artificial voice message, and identify the individuals that made the calls and sent the text messages at issue in this case. This includes but is not limited to, (a) third parties that you contract with who make telemarketing or prerecorded calls and text messages or provide leads to you, and (b) the dialing system platform or provider used to make those calls or send those text messages.

**RESPONSE TO INTERROGATORY NO. 3:**

Gaitan objects to this Interrogatory as overbroad as it necessarily includes calls and text messages that are not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Subject to and without waiving the foregoing objections, Gaitan responds as follows:

I have no employees who make outbound calls on my behalf. I utilize the marketing platform Go High Level for marketing services, which has the ability to make calls and text messages. Those calls and text messages are placed through a separate company called Twilio.

**INTERROGATORY NO. 4:**

Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 3.

**RESPONSE TO INTERROGATORY NO. 4:**

Gaitan objects to this Interrogatory as vague, ambiguous, and overbroad as to the term "work," as that term could be interpreted in such a way that this Interrogatory would be seeking information that is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

1  outweighs its likely benefit. Subject to and without waiving the foregoing objections, Gaitan
2  responds as follows:
3      Go High Level is a marketing platform that allows me to place and track calls and text
4  messages to clients and potential clients. Those calls and text messages are placed through a
5  separate company called Twilio.
6  **INTERROGATORY NO. 5:**
7      If you contend that Plaintiff provide consent to receive solicitation telephone calls or text
8  messages from you, state the material facts in support of that contention and identify the date(s) on
9  which and the means by which you contend consent was obtained.
10 **RESPONSE TO INTERROGATORY NO. 5:**
11     Plaintiff publicly marketed his home on the Multiple Listing Service ("MLS") through a
12 real estate agent. When the listing expired, he openly invited all buyers, agents, and investors to
13 contact him on why his home did not sell.
14 **INTERROGATORY NO. 6:**
15     Identify by make, model, structure and location the system(s), platform(s), and/or
16 equipment used by you, or any vendor, used to contact the Plaintiff.
17 **RESPONSE TO INTERROGATORY NO. 6:**
18     Gaitan objects to this Interrogatory as vague, ambiguous, and overbroad as to the terms
19 "make, model, structure and location the system(s), platform(s), and/or equipment work," as those
20 terms could be interpreted in such a way that this Interrogatory would be seeking information that
21 is not relevant to any party's claim or defense or proportional to the needs of the case, considering
22 the importance of the issues at stake in the action, the amount in controversy, the parties' relative
23 access to relevant information, the parties' resources, the importance of the discovery in resolving
24 the issues, and whether the burden or expense of the proposed discovery outweighs its likely
25 benefit. Subject to and without waiving the foregoing objections, Gaitan responds as follows:
26     Plaintiff was contacted using Go High Level and Twilio. Duplicates of Plaintiff's contact
27 information were inadvertently, and unbeknownst to me, added to Go High Level. Under one of
28 these Go High Level contact profiles, Plaintiff stated that he did not want to be contacted.

- 4 -

1  Thereafter, I promptly added that contact profile to the system's Do Not Contact list. However, because there were duplicates of Plaintiff's number in the system, he inadvertently received additional messages under a different contact profile. The way this showed up in the Go High Level program made it confusing about what exactly was happening and why Plaintiff was continuing to receive messages. I investigated the issue and eventually discovered the multiple contact profiles and promptly shut down the remaining profiles so that Plaintiff would stop receiving messages.

**INTERROGATORY NO. 7:**

Explain how, when, why and from whom you acquired the Plaintiff's telephone number.

**RESPONSE TO INTERROGATORY NO. 7:**

I subscribe to Vulcan 7 and RedX, which provide homeowner information. Upon information and belief, I likely acquired Plaintiff's telephone number through one of these services. Neither KWRI nor its local franchises have offered me any telephone numbers or information for potential clients, including Plaintiff.

**INTERROGATORY NO. 8:**

Identify all pamphlets, literature, training manuals, training materials, guidebooks or handbooks, videos, or tutorials provide to you by Keller Williams Realty, Inc. or any Keller Williams franchise, brokerage, vendor or agent.

**RESPONSE TO INTERROGATORY NO. 8:**

Gaitan objects to this Interrogatory as vague, ambiguous, and overbroad as to the terms "pamphlets, literature, training manuals, training materials, guidebooks or handbooks, videos, or tutorials," and the term "provided to," as those terms could be interpreted in such a way that this Interrogatory would be seeking information that is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Subject to and without waiving the foregoing objections, Gaitan responds as follows:

Upon information and belief, I have not been provided any of these materials. I recently chose to purchase a Keller Williams book and playbook, but I have not read them, nor do I plan to.

**INTERROGATORY NO. 9:**

Identify any policies and procedures related to telemarketing or the placing of outbound telephone calls or text messages that Keller Williams Realty, Inc. or any Keller Williams franchise, brokerage, vendor or agent made available to you.

**RESPONSE TO INTERROGATORY NO. 9:**

Gaitan objects to this Interrogatory as vague, ambiguous, and overbroad as to the terms "policies and procedures," as those terms could be interpreted in such a way that this Interrogatory would be seeking information that is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Subject to and without waiving the foregoing objections, Gaitan responds as follows:

I am an independent contractor and run my own business. Upon information and belief, KWRI and the local franchises may have such policies and procedures, although I do not recalling being provided any copies of them.

**INTERROGATORY NO. 10:**

Identify the amount of money paid by you to Keller Williams Realty, Inc. or any Keller Williams franchise, brokerage, vendor or agent from 2020 until present.

**RESPONSE TO INTERROGATORY NO. 10:**

Gaitan objects to this Interrogatory as it seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Subject to and without waiving the foregoing objections, Gaitan responds as follows:

1    I do not pay money to KWRI or its local franchises when I sell a property. My
2 understanding is that the Keller Williams franchise receives commissions earned at closing from
3 the closing title company. KWRI or its local franchises are in a better position to answer how much
4 they have received in commissions at such closings.

5 **INTERROGATORY NO. 11:**

6    Describe your relationship to Landvoice Data LLC and the services Landvoice Data LLC
7 makes available to you.

8 **RESPONSE TO INTERROGATORY NO. 11:**

9    None. I have never used this service and have no relationship with this company.

10 **INTERROGATORY NO. 12:**

11    Describe each and every service, product, or technological tool that Keller Williams itself,
12 or via a third party, makes available to you.

13 **RESPONSE TO INTERROGATORY NO. 12:**

14    Keller Williams Command, which is a real estate website and marketing platform.

15    DATED this 28th day of June, 2024.

*/s/ Eric D. Walther*
Eric D. Walther
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

## VERIFICATION

Britney Gaitan, being first duly sworn, deposes and says:

I have read the forgoing **DEFENDANT BRITNEY GAITAN'S RESPONSES TO PLAINTIFF WAYAN GARVEY'S INTERROGATORIES**, and know the contents thereof, and that the same are true to my own knowledge, except to those matters therein stated on information and belief, as to those matters he/she believes to be true.

_____
Britney Gaitan

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **DEFENDANT BRITNEY GAITAN'S RESPONSES TO PLAINTIFF WAYAN GARVEY'S INTERROGATORIES** was served via electronic service on June 28, 2024, to the addresses shown below:

Craig K. Perry
CRAIG K. PERRY & ASSOCIATES
2300 W. Sahara Ave., #800
Las Vegas, Nevada 89102
Telephone: (702) 228-4777
Facsimile: (702) 943-7520
cperry@craigperry.com

Chris R. Miltenberger, Esquire
The Law Office of Chris R. Miltenberger, PLLC
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

*Subject to Pro Hac Vice*

Eric H. Weitz, Esquire
Max S. Morgan, Esquire
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

*Subject to Pro Hac Vice*

QUINTAIROS, PRIETO, WOOD & BOYER, P.A. Michael Ayers, Esq.
michael.ayers@qpwblaw.com
Sarah Hartig, Esq.
sarah.hartig@qpwblaw.com
Najum Anwar, Esq.
najum.anwar@qpwblaw.com
3740 Lakeside Dr., Ste. 202
Reno, NV 89509
Tele: 775-322-4697
Fax: 775-322-4697

HINSHAW & CULBERTSON LLP Todd P. Stelter *admitted pro hac vice* 151 North Franklin Street, Suite 2500 Chicago, IL 60606
Tele: 312-704-3000
Fax: 312-704-3001
tstelter@hinshawlaw.com
*Attorneys for Defendant Keller Williams Realty, Inc.*

/s/ Wendy Cosby
Wendy Cosby, an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP

- 8 -