Craig K. Perry
Nevada Bar No. 3786
CRAIG K. PERRY & ASSOCIATES
6210 N. Jones Blvd. #753907
Las Vegas, Nevada 89136-8985
Telephone: (702) 228-4777
Facsimile: (702) 943-7520
cperry@craigperry.com

Chris R. Miltenberger, Esquire
The Law Office of Chris R. Miltenberger, PLLC
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com
*Subject to Pro Hac Vice*

Eric H. Weitz, Esquire
Max S. Morgan, Esquire
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com
*Subject to Pro Hac Vice*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| WAYAN GARVEY, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br>v.<br><br>KELLER WILLIAMS REALTY, INC. AND BRITNEY GAITAN,<br><br>Defendants. | Civil Case No.: 2:23-cv-00920-APG-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DEADLINES**<br><br>**(RENEWED FIRST REQUEST)** |

Pursuant to Fed. R. Civ. P. 26, LR IA 6-1 and LR 26-3, Plaintiff Wayan Garvey ("Mr. Garvey" or "Plaintiff") and Defendant Britney Gaitan ("Gaitan") by and through their respective counsel of record, respectfully submit the following renewed stipulation to extend the remaining deadlines in the case by three (3) months, as shown in the chart set forth below.

The renewed stipulation to extend the remaining deadlines does not seek to extend the deadline for amending the pleadings or adding parties as part of this stipulation.

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Class Certification Expert Disclosures | November 4, 2024 | February 3, 2025 |
| Class Certification Rebuttal-Expert Disclosures | December 2, 2024 | March 3, 2025 |
| Class Certification Motion | December 16, 2024 | March 17, 2025 |
| Liability Expert Report Disclosure | April 14, 2025 | July 14, 2025 |
| Liability Expert Rebuttal Report Disclosure | May 12, 2025 | August 11, 2025 |
| Discovery cutoff | June 16, 2025 | September 15, 2025 |
| Dispositive motions | July 14, 2025 | October 13, 2025 |
| Pretrial Order | August 11, 2025 | November 10, 2025 |

## I.  DISCOVERY COMPLETED[1]

1. Plaintiff served his Requests for Production and First Set of Interrogatories on Defendant Gaitan on May 14, 2024.

2. Defendant Gaitan responded to Plaintiff's Requests for Production and First Set of Interrogatories on June 28, 2024.

3. Defendant Gaitan served her Initial Disclosures on June 28, 2024.

4. Plaintiff served his initial disclosures on July 9, 2024.

5. Defendant Gaitan served her First Supplemental Disclosure on October 16, 2024.

6. On July 26, 2024, the parties filed a Request for Order to Enter Stipulated Protective Order. [ECF No. 60].

---

[1] On November 1, 2024, Plaintiff dismissed Keller Williams Realty, Inc. ("KWRI") from this action without prejudice. Plaintiff omits, from this recitation, the jurisdictional discovery conducted with respect to KWRI.

7. On July 30, 2024, the Court granted in part and denied in part the parties Stipulated Protective Order. [ECF No. 63].

8. On October 16, 2024, Plaintiff took the deposition of Defendant Gaitan.

9. Following Defendant Gaitan's deposition, Mr. Garvey issues subpoenas *duces tecum* to (i) HighLevel, Inc. (the software platform that Ms. Gaitan used to send the messages at issue); (ii) Kai Data, LLC (a lead vendor used by Ms. Gaitan); (iii) RedX, LLC (a lead vendor used by Ms. Gaitan); and (iv) Twilio, Inc. (a telecommunications provider that likely is in possession of calling and text message detail records). Plaintiff has yet to receive any substantive responses to these subpoenas.

## II.    DISCOVERY REMAINING TO BE COMPLETED

10. Mr. Garvey still needs to obtain class discovery from Ms. Gaitan and, as explained in more detail below, is in the process of doing so. In addition, the parties still need to make their expert disclosures, including Plaintiff's and Defendant Gaitan's expert disclosures and rebuttal disclosures as well as the depositions of those experts. Mr. Garvey is unable to make these disclosures until he has had an opportunity to review class discovery and data produced from the calling and texting systems with his experts.

## III.   REASON WHY MORE TIME IS NEEDED FOR DISCOVERY

11. This is the first requested extension of discovery.

12. Mr. Garvey seeks call and text message detail records with respect to the calls and text messages made to the putative classes. A review of this information, by both Plaintiff and Plaintiff's expert(s) is important to Plaintiff's class certification motion. This information will also inform Plaintiff as to what experts Plaintiff believes are necessary for class certification and liability. Plaintiff has not yet been able to obtain these necessary documents and information.

13. On June 25, 2024, Defendant. Gaitan's former counsel represented that counsel was working with Defendant Gaitan's third-party marketing vendors to obtain the relevant call and text logs for production, but was receiving slow response from the third party vendor's support teams.

14. On June 28, 2024, Defendant Gaitan produced only call and text logs with respect to Plaintiff.

15. The parties continued to meet and confer regarding the call and text message detail records while they negotiated the stipulated protective order.

16. On September 17, 2024, Plaintiff requested a formal meet and confer with Ms. Gaitan's former counsel with respect to these issues as well as others.

17. On September 25, 2024, Ms. Gaitan's former counsel advised that substitute counsel would be entering an appearance in the case and that new counsel would conduct any meet and confers going forward.

18. On October 3, 2024, Ms. Gaitan's new counsel made a motion to substitute as counsel, [ECF No. 69], which was subsequently granted on October 4, 2024 [ECF No. 70].

19. Thereafter, on October 10, 2024, the parties held a meet and confer on the discovery issues.

20. Ms. Gaitan was deposed on October 16, 2024. During her deposition, Ms. Gaitan testified that she used third party vendor HighLevel, Inc. to send the text messages and make the prerecorded calls at issue in this case. She further testified that she made efforts to obtain the call and text message detail records from the system, but could not.

21. On October 17, 2024, in an attempt to obtain the call and text message detail records related to the classes, Plaintiff issued a document subpoena to HighLevel, Inc. HighLevel, Inc.'s counsel recently requested an extension of time to respond to the subpoena to November 22, 2024.

22. In addition, Plaintiff understands that Ms. Gaitan, with the assistance of her new counsel, is working with a third party consultant to assist with obtaining the records. Mr. Garvey is also seeking records of the leads that were input into the HighLevel from third parties, as Ms. Gaitan testified that she does not have records in her possession.

23. The above records are integral to Mr. Garvey's ability to determine what experts, if any, are required for Mr. Garvey's forthcoming class certification motion. Without these records and documents, Mr. Garvey is unable to determine what experts he needs to engage and he is not able to have an expert report prepared by the current deadline, nor is he able to prepare a class certification motion.

24. This data is critical to the parties' respective case preparation; and therefore, additional time is needed for the parties to obtain this information and engage experts.

25. Mr. Garvey contacted Defendant Gaitan with respect to this request and Defendant Gaitan indicated she is unopposed.

IV. **CURRENT DEADLINES AND PROPOSED DEADLINES**

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Class Certification Expert Disclosures | November 4, 2024 | February 3, 2025 |
| Class Certification Rebuttal-Expert Disclosures | December 2, 2024 | March 3, 2025 |
| Class Certification Motion | December 16, 2024 | March 17, 2025 |
| Liability Expert Report Disclosure | April 14, 2025 | July 14, 2025 |
| Liability Expert Rebuttal Report Disclosure | May 12, 2025 | August 11, 2025 |
| Discovery cutoff | June 16, 2025 | September 15, 2025 |
| Dispositive motions | July 14, 2025 | October 13, 2025 |
| Pretrial Order | August 11, 2025 | November 10, 2025 |

Accordingly, the parties request that the dates be extended by three months.

Dated: November 6, 2024                    Respectfully submitted,

*/s/ Chris R. Miltenberger*_____
Chris R. Miltenberger, Esquire*
The Law Office of Chris R. Miltenberger, PLLC
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com
Subject to Pro Hac Vice


CRAIG K. PERRY & ASSOCIATES
6210 N. Jones Blvd. #753907
Las Vegas, Nevada 89136-8985

4
STIPULATION AND ORDER TO EXTEND DEADLINES
Case No. 2:23-cv-00920-APG-DJA

Telephone: (702) 228-4777
Facsimile: (702) 943-7520
cperry@craigperry.com

Max S. Morgan, Esquire*
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

*Subject to Pro Hac Vice


_w/ permission_____
Melissa A. Saragosa-Stratton, No. 7295
Robert McCoy, No. 9121
Sihomara L. Graves, No. 13239
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
*Email: rmccoy@kcnvlaw.com*
*Email: sgraves@kcnvlaw.com*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: ___11/7/2024_____

**CERTIFICATE OF SERVICE**

I certify that on the date below I electronically filed the foregoing document and that it is available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

BY:   /s/Chris Miltenberger
      CHRIS MILTENBERGER