```
```

Craig K. Perry
Nevada Bar No. 3786
CRAIG K. PERRY & ASSOCIATES
6210 N. Jones Blvd. #753907
Las Vegas, Nevada 89136-8985
Telephone: (702) 228-4777
Facsimile: (702) 943-7520
cperry@craigperry.com

Chris R. Miltenberger, Esquire
The Law Office of Chris R. Miltenberger, PLLC
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com
*Subject to Pro Hac Vice*

Eric H. Weitz, Esquire
Max S. Morgan, Esquire
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com
*Subject to Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WAYAN GARVEY, *on behalf of himself and all others similarly situated*,<br><br>                    Plaintiff,<br><br>       v.<br><br>KELLER WILLIAMS REALTY, INC. AND BRITNEY GAITAN,<br><br>                    Defendants. | Civil Case No.: 2:23-cv-00920-APG-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DEADLINES**<br><br>**(SECOND REQUEST)** |

Pursuant to Fed. R. Civ. P. 26, LR IA 6-1 and LR 26-3, Plaintiff Wayan Garvey ("Mr. Garvey" or "Plaintiff") and Defendant Britney Gaitan ("Gaitan") by and through their respective counsel of record, respectfully submit the following renewed stipulation to extend the remaining deadlines in the case by two (2) months, as shown in the chart set forth below.

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Class Certification Expert Disclosures | February 3, 2025 | April 3, 2025 |
| Class Certification Rebuttal-Expert Disclosures | March 3, 2025 | May 2, 2025 |
| Class Certification Motion | March 17, 2025 | May 19, 2025 |
| Liability Expert Report Disclosure | July 14, 2025 | September 14, 2025 |
| Liability Expert Rebuttal Report Disclosure | August 11, 2025 | October 13, 2025 |
| Discovery cutoff | September 15, 2025 | November 17, 2025 |
| Dispositive motions | October 13, 2025 | December 15, 2025 |
| Pretrial Order | November 10, 2025 | January 12, 2026 |

## I.  DISCOVERY COMPLETED[1]

1. Plaintiff served his Requests for Production and First Set of Interrogatories on Defendant Gaitan on May 14, 2024.

2. Defendant Gaitan responded to Plaintiff's Requests for Production and First Set of Interrogatories on June 28, 2024.

3. Defendant Gaitan served her Initial Disclosures on June 28, 2024.

4. Plaintiff served his initial disclosures on July 9, 2024.

5. Defendant Gaitan served her First Supplemental Disclosure on October 16, 2024.

6. On July 26, 2024, the parties filed a Request for Order to Enter Stipulated Protective Order.  [ECF No. 60].

7. On July 30, 2024, the Court granted in part and denied in part the parties Stipulated Protective Order.  [ECF No. 63].

---

[1] On November 1, 2024, Plaintiff dismissed Keller Williams Realty, Inc. ("KWRI") from this action without prejudice.  Plaintiff omits, from this recitation, the jurisdictional discovery conducted with respect to KWRI.

8. On October 16, 2024, Plaintiff took the deposition of Defendant Gaitan.

9. Following Defendant Gaitan's deposition, Mr. Garvey issued subpoenas *duces tecum* to (i) HighLevel, Inc. (the software platform that Ms. Gaitan used to send the messages at issue); (ii) Kai Data, LLC (a lead vendor used by Ms. Gaitan); (iii) RedX, LLC (a lead vendor used by Ms. Gaitan); and (iv) Twilio, Inc. (a telecommunications provider that facilitated the sending of the text messages via HighLevel Inc. and that is in possession of calling and text message detail records).

10. RedX, LLC responded and objected to the subpoena on November 6, 2024.

11. Kai Data, LLC produced certain documents in response to the subpoena on November 18, 2024.

12. Twilio responded and objected to the subpoena on November 8, 2024. In its response, Twilio advised that it maintains records of the calls and text messages relevant to this case, but refuses to produce them. Twilio advised that "Ms. Gaitan . . . has full access to produce data from all such accounts that she controlled . . . ."

13. HighLevel, Inc. responded to the subpoena on November 18, 2024. In is response, HighLevel indicated that it did not have access to the call and text message logs because its "integration" with the phone number was "severed" and that the "[c]all or text records associated with this phone number must be retrieved from Twilio, Inc."

14. Defendant then engaged with Twilio, Inc. in an attempt to obtain and produce the relevant calling and texting records.

15. On January 7, 2025, Defendant produced calling and texting records that Defendant was able to obtain from her Twilio account..

16. Plaintiff reviewed the records immediately and determined that they were limited and did not include the records of calls and text messages to Plaintiff.

17. Plaintiff contacted Defendant's counsel and the parties met and conferred on January 8, 2025. Defendant's counsel explained the report generating limitations of HighLevel experienced by Defendant and agreed to participate in a conference with HighLevel to resolve any

technical difficulties in obtaining the requested information. The parties thereafter scheduled a call with HighLevel, which occurred on January 13, 2025.

18. During the January 13, 2025 call with HighLevel, counsel for HighLevel confirmed the report generating limitations for the HighLevel user and directed the parties to Twilio to obtain the requested information.

19. The parties thereafter scheduled a joint call with Twilio and HighLevel, which occurred on January 29, 2025.

20. Defendant's counsel was unable to attend the telephone conference due to her involvement in a jury trial.

21. During the January 29, 2025 call with Twilio and HighLevel it became clear that Ms. Gaitan had multiple accounts with Twilio and that certain accounts were in the name of High Level – and were not accessible by Ms. Gaitan directly. The records Ms. Gaitan obtained previously from Twilio were limited only to accounts in her name, not in the name of her vendor that she used to send the messages. Twilio requested that HighLevel submit a support ticket for the records associated with the accounts connected to both HighLevel and Ms. Gaitan. Plaintiff believes that these accounts will include the calls and text messages to Plaintiff and other class members. HighLevel's representatives submitted the ticket while the parties were on the call. Twilio represented that it would assist HighLevel and Ms. Gaitan with extracting the relevant information and providing that as soon as possible. Twilio advised that it could take approximately thirty (30) days to provide that information.

22. Plaintiff has not received complete calling and texting data that is relevant to this case and that Plaintiff needs to review and analyze prior to engaging an appropriate expert and preparing an expert report.

## II. DISCOVERY REMAINING TO BE COMPLETED

23. Plaintiff still needs to obtain the pertinent class discovery (i.e., calling and texting logs) from Ms. Gaitan and, as explained in more detail below, is in the process of doing so. In addition, the parties still need to make their expert disclosures, including Plaintiff's and Defendant Gaitan's expert disclosures and rebuttal disclosures as well as the depositions of those experts.

Mr. Garvey is unable to make these disclosures until he has had an opportunity to review class discovery and data produced from the calling and texting systems with his experts.

### III. REASON WHY MORE TIME IS NEEDED FOR DISCOVERY

24. This is the second requested extension of discovery.

25. Mr. Garvey seeks call and text message detail records with respect to the calls and text messages made to the putative classes. A review of this information, by both Plaintiff and Plaintiff's expert(s) is important to Plaintiff's class certification motion. This information will also inform Plaintiff as to what experts Plaintiff believes are necessary for class certification and liability. Plaintiff has not yet been able to obtain these necessary documents and information.

26. As explained above, Defendant is working to obtain the records and produced certain incomplete records. Defendant's third party vendors have agreed to cooperate and produce the remaining records. This production should take place in approximately thirty (30) days.

27. The above records are integral to Mr. Garvey's ability to determine what experts, if any, are required for Mr. Garvey's forthcoming class certification motion. Without these records and documents, Mr. Garvey is unable to determine what experts he needs to engage and he is not able to have an expert report prepared by the current deadline, nor is he able to prepare a class certification motion.

28. This data is critical to the parties' respective case preparation; and therefore, additional time is needed for the parties to obtain this information and engage experts.

29. Mr. Garvey contacted Defendant Gaitan with respect to this request and Defendant Gaitan indicated she is unopposed.

### IV. CURRENT DEADLINES AND PROPOSED DEADLINES

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Class Certification Expert Disclosures | February 3, 2025 | April 3, 2025 |
| Class Certification Rebuttal-Expert Disclosures | March 3, 2025 | May 2, 2025 |
| Class Certification Motion | March 17, 2025 | May 19, 2025 |

| | | |
|---|---|---|
| Liability Expert Report Disclosure | July 14, 2025 | September 14, 2025 |
| Liability Expert Rebuttal Report Disclosure | August 11, 2025 | October 13, 2025 |
| Discovery cutoff | September 15, 2025 | November 17, 2025 |
| Dispositive motions | October 13, 2025 | December 15, 2025 |
| Pretrial Order | November 10, 2025 | January 12, 2026 |

Accordingly, the parties request that the dates be extended by two (2) months. This will provide approximately 30 days for Defendant to complete her production and another 30 days for Plaintiff to review the information, engage and expert and have a report prepared.

Dated: February 3, 2025

Respectfully submitted,

*/s/ Craig K. Perry* _____
Craig K. Perry
Nevada Bar No. 3786
CRAIG K. PERRY & ASSOCIATES
6210 N. Jones Blvd. #753907
Las Vegas, Nevada 89136-8985
Telephone: (702) 228-4777
Facsimile: (702) 943-7520
cperry@craigperry.com

Chris R. Miltenberger, Esquire*
The Law Office of Chris R. Miltenberger, PLLC
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com
Subject to Pro Hac Vice

Max S. Morgan, Esquire*
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

*Subject to Pro Hac Vice*

*/s/ Melissa A. Saragosa-Stratton*
Melissa A. Saragosa-Stratton, No. 7295
Robert McCoy, No. 9121
Sihomara L. Graves, No. 13239
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
*Email: rmccoy@kcnvlaw.com*
*Email: sgraves@kcnvlaw.com*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: __2/4/2025_____

**CERTIFICATE OF SERVICE**

I certify that on the date below I electronically filed the foregoing document and that it is available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

BY:   */s/ Tyrin Kanemeier*_____
         Employee of Craig K. Perry & Associates